DANAHY, Acting Chief Judge.
The appellants filed a four-count complaint seeking money damages and a declaratory judgment against the appellees. The action arose as the aftermath of the failed sale of a chiropractic clinic by Dr. Jeffrey Beytin which Dr. Beytin believed to be a sale to his good friend, Dr. Kyle D. Remmel. The defendants named in the complaint included Dr. Remmel and his professional association, Dr. Remmel’s employee, David Nusbaum, and a corporation named Coastal Rehabilitation & Diagnostic Services, Inc.
The defendants below asserted several defenses to the suit and took the position that only a single defendant, Coastal Rehabilitation & Diagnostic Services, Inc., bore any responsibility to Dr. Beytin under any of the agreements and other documents underlying the sale.
After a nonjury trial, the trial court found first that Dr. Beytin was entitled to recover $21,799.44 for breach of an employment agreement with respect to health insurance and $13,500 with respect to malpractice insurance. Additionally, the trial court found that Dr. Beytin was owed $2,000 in wages on which prejudgment interest would run. The trial court also found that the only party responsible for these damages to Dr. Beytin was the corporation, Coastal Rehabilitation & Diagnostic Services, Inc., which the trial court found was formed with the intention that it be the purchaser of the chiropractic business from Dr. Beytin. Unfortunately for Dr. Beytin, Coastal Rehabilitation & Diagnostic Services, Inc., is a corporation devoid of assets. He challenges the final judgment entered on these findings. Of the points raised on this appeal, we find that only one requires reversal.[1]
The issue whether Dr. Remmel could be held liable for Dr. Beytin’s alleged losses was hotly disputed. The record reveals that there was every reason for Dr. Beytin to be misled and confused as to the role which the corporation played here. With all due respect to the trial court and with the deference we must give to the trial court’s findings, we believe the trial court erred in limiting liability to Coastal Rehabilitation & Diagnostic Services, Inc.
We find no error in the trial court’s determination of the monetary awards to which Dr. Beytin is entitled. We note that Dr. Beytin does not assert on this appeal that the appellee David Nusbaum is in any way personally liable to him.
Accordingly, we reverse the final judgment entered by the trial court with directions that the trial court enter an amended final judgment in favor of Dr. Beytin in the amounts previously awarded and against both Dr. Remmel and his professional association, as well as Coastal Rehabilitation & Diagnostic Services, Inc.
Reversed and remanded with directions.
PARKER and WHATLEY, JJ., concur.

. Dr. Beytin complains that the final judgment should have included the words "for which let execution issue.” That omission can be easily remedied on remand.